**E-FILED**
Friday, 20 January, 2017  01:35:16 PM
Clerk, U.S. District Court, ILCD

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF ILLINOIS
ROCK ISLAND DIVISION

| | | |
|---|---|---|
| JIM L. FOSTER and | ) | |
| RICHARD SCOTT, | ) | |
| | ) | |
| Plaintiffs, | ) | |
| | ) | |
| vs. | ) | Case Number _____ |
| | ) | |
| DALBAG SINGH and JAGIR KAUR, | ) | TRIAL BY JURY DEMANDED |
| d/b/a ROYAL S EXPRESS, | ) | |
| | ) | |
| Defendants. | ) | |

## COMPLAINT

Come now Plaintiffs JIM L. FOSTER and RICHARD SCOTT, by and through their attorneys, Jay H. Janssen and Patrick S. O'Shaughnessy, of THE JANSSEN LAW CENTER, and for a cause of action against Defendants DALBAG SINGH and JAGIR KAUR, d/b/a ROYAL S EXPRESS, states and alleges as follows:

### THE PARTIES

1.     Plaintiff JIM L. FOSTER is a resident of the State of Illinois, residing in Galva, Illinois.

2.     Plaintiff RICHARD SCOTT is a resident of the State of Illinois, residing in Mineral, Illinois.

3.     Defendant DALBAG SINGH is a resident of the State of New York, residing in Richmond Hill, New York.

4.     Defendant JAGIR KAUR is believed to be a resident of the State of Indiana, residing in Greenwood, Indiana and ROYAL S EXPRESS has a principal business address in Greenwood, Indiana.

1

JURISDICTION/VENUE

5.      The amount in controversy exceeds seventy-five thousand dollars (>$75,000.00), exclusive of costs and interest, and diversity jurisdiction exists pursuant to 28 U.S.C. §1332.

6.      Venue is proper in this jurisdiction pursuant to 28 U.S.C. §1391 in that the events and/or omissions giving rise to this claim occurred within the Central District of Illinois.

7.      Assignment of this case in Rock Island is proper pursuant to Local Rule 40.1 in that the events and/or omissions giving rise to this claim occurred within Bureau County, State of Illinois.

COUNT ONE

Plaintiff JIM FOSTER complaining of Defendant DALBAG SINGH states as follows:

8.      The incident herein complained of occurred on December 10, 2016 at approximately 4:04 p.m.

9.      The incident herein complained of occurred on westbound Interstate 80, approximately 500 feet west of Mile Post 41 in Bureau County, Illinois.

10.     At the aforesaid time and place, Plaintiff Jim Foster was driving a 1998 International Tractor with trailer in a westerly direction upon I-80.

11.     At the aforesaid time and place, Defendant Dalbag Singh was driving a 2007 Freightliner Tractor with trailer in a westerly direction upon I-80, and was behind the Plaintiff's vehicle.

12.     At the aforesaid time and place, Plaintiff slowed and stopped his vehicle in response to traffic conditions ahead of him in that both lanes of westbound I-80 were blocked by a traffic collision approximately one-half mile ahead.

13.     At the aforesaid time and place, Defendant came upon the stopped traffic and attempted to rapidly change from the right lane to the left lane.

14.     At the aforesaid time and place, the trailer on Defendant's vehicle struck the rear of the trailer on Plaintiff's vehicle.

15.     At the aforesaid time and place, Plaintiff was injured.

16.     At the aforesaid time and place, Defendant had a duty to use due care and caution in the operation of Defendant's vehicle.

17.     At the aforesaid time and place, there was in full force and effect the following Illinois Compiled Statutes, 2014:

      (a)     625 ILCS 5/11-601 (a):

      No vehicle may be driven upon any highway of this State at a speed which is greater than is reasonable and proper with regard to traffic conditions and the use of the highway, or endangers the safety of any person or property.  The fact that the speed of a vehicle does not exceed the applicable maximum speed limit does not relieve the driver from the duty to decrease speed when approaching and crossing an intersection, approaching and going around a curve, when approaching a hill crest, when traveling upon any narrow or winding roadway, or when special hazard exists with respect to pedestrians or other traffic or by reason of weather or highway conditions.  Speed must be decreased as may be necessary to avoid colliding with any person or vehicle on or entering the highway in compliance with legal requirements and the duty of all persons to use due care.

18.     At the aforesaid time and place, the Defendant was guilty of one or more of the following negligent acts, omissions, and/or violations of Statute in that the Defendant:

      (a)     Failed to keep a proper lookout ahead;

      (b)     Failed to maintain control over Defendant's vehicle;

      (c)     Violated 625 ILCS 5/11-601 (a) in that the Defendant:

            (1)     Drove Defendant's vehicle at a speed which was greater than reasonable and proper with regard to the traffic conditions created by the stopping of vehicles on the Interstate;

            (2)     Failed to decrease the speed of Defendant's vehicle when a special hazard existed by virtue of the stopped traffic on the Interstate;

(3)     Failed to decrease the speed of Defendant's vehicle
        to avoid colliding with Plaintiff's vehicle.

19.    That as a proximate result of the collision, the Plaintiff, Jim Foster, suffered pain.

20.    That as a proximate result of the collision, the Plaintiff, Jim Foster, will suffer pain.

21.    That as a proximate result of the collision, the Plaintiff, Jim Foster, has suffered

disability.

22.    That as a proximate result of the collision, the Plaintiff, Jim Foster, will suffer disability.

23.    That as a proximate result of the collision, the Plaintiff, Jim Foster, has incurred medical

expenses.

24.    That as a proximate result of the collision, the Plaintiff, Jim Foster, will be forced to pay

various sums for hospital, medical and surgical expenses for treatment of injuries in the future.

25.    That as a proximate result of the collision, the Plaintiff, Jim Foster, sustained loss of a

normal life.

26.    That as a proximate result of the collision, the Plaintiff, Jim Foster, is reasonably certain

to sustain loss of a normal life in the future.

27.    That as a proximate result of the collision, the Plaintiff, Jim Foster, was hindered and

prevented from attending to usual business and affairs, and lost sums of money which he

otherwise would have acquired and earned.

28.    That as a proximate result of the collision, the Plaintiff, Jim Foster, will be hindered and

prevented from attending to usual business and affairs, and will lose sums of money which he

otherwise would have acquired and earned.

WHEREFORE, Plaintiff JIM L. FOSTER prays judgment against Defendant DALBAG

SINGH for a sum in excess of the jurisdictional requirements of this court, costs of this suit, and

any further relief that this honorable Court finds fair and just AND DEMANDS THAT THE ISSUES HEREIN CONTAINED BE TRIED BY A JURY.

COUNT TWO

Plaintiff JIM L. FOSTER complaining of Defendant JAGIR KAUR, d/b/a ROYAL S EXPRESS, states as follows:

29.- 49.        Plaintiff restates and realleges as Paragraphs Twenty-Nine through Forty-Nine of this Complaint, Paragraphs Eight through Twenty-Eight of this Complaint.

50.        At the aforesaid time and place, the vehicle being driven by Defendant Dalbag Singh was owned by Defendant Jagir Kaur, d/b/a Royal S Express.

51.        At the aforementioned time and place, Defendant Dalbag Singh was an employee and/or agent of Defendant Jagir Kaur d/b/a Royal S Express, and was acting within the scope of his employment and/or agency as he was driving a vehicle owned by Defendant Jagir Kaur d/b/a Royal S Express, as a part of his job duties.

WHEREFORE, Plaintiff JIM L. FOSTER prays judgment against Defendant JAGIR KAUR d/b/a ROYAL S EXPRESS, for a sum in excess of the jurisdictional requirements of this court, costs of this suit, and any further relief that this honorable Court finds fair and just AND DEMANDS THAT THE ISSUES HEREIN CONTAINED BE TRIED BY A JURY.

COUNT THREE

Plaintiff RICHARD SCOTT complaining of Defendant DALBAG SINGH states as follows:

52.-62. Plaintiff restates and realleges as Paragraphs Fifty-Two through Sixty-Two of this Complaint, Paragraphs Eight through Eighteen of this Complaint.

63.     At the aforesaid time and place, Plaintiff Richard Scott was the owner of the 1998 International Tractor that was being driven by Plaintiff Jim Foster.

64.     As result of the collision, the 1998 International Tractor owned by Plaintiff Richard Scott was damaged.

65.     As a direct and proximate result of one or more of the forgoing acts of negligence, Plaintiff Richard Scott was deprived of the use of the vehicle for his business which has resulted in lost earnings and profits.

        WHEREFORE, Plaintiff RICHARD SCOTT prays judgment against Defendant DALBAG SINGH for a sum in excess of the jurisdictional requirements of this court, costs of this suit, and any further relief that this honorable Court finds fair and just AND DEMANDS THAT THE ISSUES HEREIN CONTAINED BE TRIED BY A JURY.


                                    COUNT FOUR

        Plaintiff RICHARD SCOTT complaining of Defendant JAGIR KAUR, d/b/a ROYAL S EXPRESS, states as follows:

66.-76. Plaintiff restates and realleges as Paragraphs Sixty-Six through Seventy-Six of this Complaint, Paragraphs Eight through Eighteen of this Complaint.

77.     At the aforesaid time and place, Plaintiff Richard Scott was the owner of the 1998 International Tractor that was being driven by Plaintiff Jim Foster.

78.     As result of the collision, the 1998 International Tractor owned by Plaintiff Richard Scott was damaged.

79.     As a direct and proximate result of one or more of the forgoing acts of negligence,

Plaintiff Richard Scott was deprived of the use of the vehicle for his business which has resulted in lost earnings and profits.

80.     At the aforesaid time and place, the vehicle being driven by Defendant Dalbag Singh was owned by Defendant Jagir Kaur, d/b/a Royal S Express.

81.     At the aforementioned time and place, Defendant Dalbag Singh was an employee and/or agent of Defendant Jagir Kaur d/b/a Royal S Express, and was acting within the scope of his employment and/or agency as he was driving a vehicle owned by Defendant Jagir Kaur d/b/a Royal S Express, as a part of his job duties.

WHEREFORE, Plaintiff RICHARD SCOTT prays judgment against Defendant JAGIR KAUR d/b/a ROYAL S EXPRESS, for a sum in excess of the jurisdictional requirements of this court, costs of this suit, and any further relief that this honorable Court finds fair and just AND DEMANDS THAT THE ISSUES HEREIN CONTAINED BE TRIED BY A JURY.

Jim Foster and Richard Scott, Plaintiffs,

By: _____s/ Jay H. Janssen
One of their attorneys.

Jay H. Janssen, Bar No. 1325957 (Lead Counsel)
janssenj@jjlaw.com
Patrick S. O'Shaughnessy, Bar No. 6237800
oshaughnp@jjlaw.com
The Janssen Law Center
333 Main Street
Peoria, Illinois 61602
(309) 676-2341 (phone)
(309) 676-7678 (fax)