IN THE
UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF ILLINOIS
ROCK ISLAND DIVISION

| | |
|---|---|
| JIM L. FOSTER and RICHARD SCOTT,<br>    Plaintiffs,<br><br>v.<br><br>DALBAG SINGH and JAGIR KAUR, d/b/a ROYAL S EXPRESS,<br>    Defendants. | Case No. 4:17-cv-04020-SLD-JEH |

**Order**

    The Plaintiffs, Jim Foster and Richard Scott, filed a Complaint on January 20, 2017 (D. 1)[1], including Defendants Dalbag Singh and Jagir Kaur, d/b/a Royal Express. The Plaintiffs' Complaint asserts diversity of citizenship as a basis of this Court's subject matter jurisdiction. (D. 1 at pg. 2). The allegations of the Complaint are not sufficient to support that assertion.

    The court may *sua sponte* raise the issue of federal subject matter jurisdiction. *Tylka v. Gerber Products Co.*, 211 F.3d 445, 447 (7th Cir. 2000) (citations omitted). Here, the Plaintiffs allege the parties are all a "resident" of a particular state. (D. 1 at pg. 1). Plaintiffs further assert that "Defendant JAGIR KAUR is believed to be a resident of the State of Indiana, residing in Greenwood, Indiana and ROYAL S EXPRESS has a principal business address in Greenwood, Indiana." *Id*.

    First, the Seventh Circuit has repeatedly warned that an allegation of residency is insufficient to invoke federal subject matter jurisdiction. See, *e.g.*, *Tylka v. Gerber Prods. Co.*, 211 F.3d 445, 448 (7th Cir.2000); see also *Page v. Wright*, 116 F2d 449, 451

---

[1] Citations to the Docket in this case are abbreviated as "D. __."

(7th Cir. 1940) ("[i]n federal law citizenship means domicile, not residence"). Parties asserting diversity jurisdiction based on parties hailing from different states must allege the citizenship of each party, not the residence. See *Held v. Held*, 137 F.3d 998 (7th Cir.1998); *Pollution Control Indus. of Am., Inc. v. Van Gundy*, 21 F.3d 152, 155 (7th Cir.1994). Plaintiffs' allegations asserting residence are insufficient to establish diversity of citizenship jurisdiction.

Second, asserting jurisdiction on the basis of "information and belief" is also insufficient to invoke diversity jurisdiction. *America's Best Inns, Inc. v. Best Inns of Abilene, L.P.*, 980 F.2d 1072, 1074 (7th Cir. 1992) ("to the best of my knowledge and belief" is insufficient to invoke diversity jurisdiction); *Page v. Wright*, 116 F.2d 449, 451 (7th Cir. 1940) (expressing serious doubts as to whether the record could be sustained in the face of a direct jurisdictional attack where diversity jurisdiction was asserted, in part, based upon information and belief). In their Complaint, the Plaintiffs state their belief that Defendant Kaur is a resident of Indiana. (D. 1 at pg. 1). This is not sufficient to assert citizenship for purposes of subject matter jurisdiction.

The Court may grant leave to amend defective allegations of subject matter jurisdiction pursuant to 28 U.S.C. § 1653. See also, *Leaf v. Supreme Court of State of Wis.*, 979 F.2d 589, 595 (7th Cir. 1992) ("leave to amend defective allegations of subject matter jurisdiction should be freely given") (citations omitted). Accordingly, it is hereby ORDERED that the Plaintiff file an Amended Complaint not later than fourteen (14) days from the date of entry of this Order. In the Amended Complaint, the Plaintiff shall properly allege the basis for the Court's jurisdiction.

*It is so ordered.*

Entered on January 23, 2017.

s/Jonathan E. Hawley
U.S. MAGISTRATE JUDGE